## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

**THE ESTATE OF BRUCE BROCKEL,**
**Deceased, by and through DONNA**
**BROCKEL, as Personal Representative,**

      **Plaintiff,**

**vs.**

**JOHN PATRICK COUCH, RASSAN M.**
**TARABEIN, PHYSICIANS PAIN**
**SPECIALISTS OF ALABAMA, P.C.,**
**C&R PHARMACY, LLC,**
**EASTERN SHORE NEUROLOGY**
**CLINIC, INC.,**
**PURDUE PHARMA L.P.,**
**PFIZER INC.,**
**ENDO PHARMACEUTICALS INC.,**
**ENDO INTERNATIONAL PLC,**
**KVK-TECH, INC., ZYDUS**
**PHARMACEUTICALS (USA) INC.,**
**A, B, C, D, E, F, G, H, I, and J**

      **Defendants.**

**Case No.: 17-CV-521**

**Action Filed: October 25, 2017**
**Action Served: October 30, 2017**

### <u>DEFENDANT PURDUE PHARMA L.P.'S NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Purdue Pharma L.P.

("Purdue") hereby gives notice of removal of this action, captioned *The Estate of Bruce Brockel*

*v. John Patrick Couch et al.*, bearing case number 02-CV-2017-902787.00, from the Circuit Court

of Mobile County, Alabama, to the United States District Court for the Southern District of

Alabama.  Pursuant to 28 U.S.C. § 1446(a), Purdue provides the following statement of the

grounds for removal:

## BACKGROUND

1.      On October 25, 2017, Plaintiff, the Estate of Brockel, deceased, by and through Donna Brockel, as personal representative, filed a Complaint (attached hereto as **Exhibit 1**) in the Circuit Court of Mobile County, Alabama, against the following defendants, as well as unnamed, unidentified Doe defendants:

        a.      "Provider Defendants" — John Patrick Couch; Rassan M. Tarabein; Physicians Pain Specialists of Alabama P.C.; C&R Pharmacy, LLC; and Eastern Shore Neurology Clinic, Inc.

        b.      "Manufacturer Defendants" — Endo Pharmaceuticals Inc.; Endo International plc;[1] Purdue Pharma L.P.; Pfizer Inc.; KVK-Tech, Inc.; and Zydus Pharmaceuticals (USA) Inc.

2.      The thrust of the Complaint is that the two physician Provider Defendants, John Patrick Couch and Rassan M. Tarabein, committed medical malpractice in treating decedent. (Compl. ¶¶ 15-41.)  Plaintiff alleges that Messrs. Couch and Tarabein treated decedent for many years for injuries arising from a car accident (*id.* ¶¶ 15-23); that decedent committed suicide "due to" Messrs. Couch and Tarabein having "overprescribe[ed] . . . drugs" to decedent and "abrupt[ly] stopp[ed] . . . treatment without proper detoxification" (*id.* ¶ 35); and that decedent's medical treatment "did not meet the applicable standard of care" because, among other things, the two doctors "prescrib[ed] drugs . . . without medical necessity/justification" and conducted "unnecessary procedures" (*id.* ¶ 40).  The remaining Provider Defendants—Physicians Pain Specialists of Alabama P.C.; C&R Pharmacy, LLC; and Eastern Shore Neurology Clinic, Inc.—

---

[1] Endo International plc is not a proper party to this action and expressly reserves all available defenses, including without limitation defenses regarding service of process and personal jurisdiction.

are businesses at which decedent allegedly received medical treatment or medication while under the care of Messrs. Couch and Tarabein.  (*Id.* ¶¶ 5-7, 18, 21, 23.)  The Provider Defendants are citizens of Alabama.  (*Id.* ¶¶ 3-7.)  *See Zaccone v. Ford Motor Co.*, 2015 WL 13554989, at *1 (M.D. Fla. Aug. 6, 2015) ("A prisoner's citizenship is not determined by his place of incarceration but rather his domicile prior to incarceration.").

3.     Plaintiff's allegations against the Manufacturer Defendants are entirely different and rely upon different alleged conduct.  This is underscored by the fact that the Complaint's "Facts" section never mentions even a single Manufacturer Defendant, and exclusively alleges facts related to the Provider Defendants.  (*Id.* ¶¶ 15-38.)

4.     Unlike the factual allegations against the Provider Defendants, which relate to the propriety of medical treatment that decedent received, Plaintiff's factual allegations against the Manufacturer Defendants do not relate to decedent's medical treatment.  Instead, Plaintiff alleges that the Manufacturer Defendants "exaggerated the benefits of" their FDA-approved prescription opioid medications and "failed to warn doctors and others" of the "addictive nature of" these products.  (*Id.* ¶ 56.)  Plaintiff further alleges that the Manufacturer Defendants "lobbied politicians and doctors in an effort to artificially increase the use of opioids, and willfully allowed the drugs to enter the black market."  (*Id.* ¶ 57.)  All of the Manufacturer Defendants are citizens of states or foreign states other than Alabama.

5.     The Complaint asserts eight causes of action against "all Defendants": (1) negligence; (2) wantonness; (3) "Alabama Extended Manufacturer's Liability Doctrine"; (4) fraud and misrepresentation; (5) suppression and concealment; (6) deceit; (7) unjust enrichment; and (8) civil conspiracy.  (*Id.* ¶¶ 42-71.)  In addition, the Complaint asserts a medical malpractice claim against Messrs. Couch and Tarabein only.  (*Id.* ¶¶ 39-41.)

6.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Purdue are attached hereto as **Exhibit 1**.  A copy of the state court docket and all documents filed in the state court action (other than the Complaint) is attached hereto as **Exhibit 2**.

7.      Opioid-related cases involving claims similar to this one are currently pending in many different federal courts across the county.  On November 30, 2017, the Judicial Panel on Multidistrict Litigation will hear a motion, supported by several Manufacturer Defendants here, requesting the creation of a multidistrict litigation ("MDL").  *See In re National Prescription Opiate Litig.*, MDL No. 2804 (J.P.M.L.).

## VENUE AND JURISDICTION

8.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 81(c)(2), 1391, 1441(a), and 1446(a) because the Circuit Court for Mobile County, Alabama, where the Complaint was filed, is a state court within the Southern District of Alabama.

9.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and all properly joined defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## I.      THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND ALL PROPERLY JOINED DEFENDANTS

10.     There is complete diversity of citizenship here because Plaintiff is an Alabama citizen and all of the Manufacturer Defendants are citizens of states or foreign states other than Alabama, *see* Part I.A *infra*; the citizenship of Doe Defendants is ignored for purposes of diversity jurisdiction, *see* Part I.B *infra*; and the citizenship of the Provider Defendants is

4

irrelevant for purposes of diversity jurisdiction because they are subject to severance under

Federal Rule of Civil Procedure 21 and the procedural misjoinder doctrine, *see* Part I.C *infra*.

**A.    Plaintiff Is Diverse from the Manufacturer Defendants**

**1.    Plaintiff Is a Citizen of Alabama**

11.    Plaintiff Donna Brockel represents the Estate of Bruce Brockel.  (Compl. ¶ 1.)

"[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the

same State as the decedent."  28 U.S.C. § 1332(c)(2).  While decedent's citizenship is not alleged

in the Complaint, Plaintiff alleges that decedent moved to Alabama in 2010 (Compl. ¶ 17),

received years of medical treatment in Alabama starting in February 2011 and continuing until

his death (*id.* ¶¶ 18, 23), and died in Alabama (*id.* ¶ 35).  Based on the allegations in the

Complaint, and on information and belief, decedent was a citizen of Alabama.  Thus, Plaintiff is

a citizen of Alabama.  *See* 28 U.S.C. § 1332(c)(2).

**2.    None of the Manufacturer Defendants Are Citizens of Alabama**

12.    For purposes of diversity jurisdiction, a corporation is "a citizen of every State

and foreign state by which it has been incorporated and of the State or foreign state where it has

its principal place of business[.]"  28 U.S.C. § 1332(c)(1).  A partnership is a citizen of every

state in which its partners are citizens.  *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S.

Ct. 1012, 1015 (2016); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d

1020, 1021 (11th Cir. 2004).

13.    Applying these principles, none of the Manufacturer Defendants are citizens of

Alabama.

14.    Defendant Endo Pharmaceuticals Inc. is a corporation organized under the laws of

Delaware with its principal place of business in Malvern, Pennsylvania.  (Compl. ¶ 10.)

15.     Defendant Endo International plc is a corporation organized under the laws of Ireland with its principal place of business in Dublin, Ireland.  (*Id.* ¶ 11.)

16.     Defendant Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware with its principal place of business in Stamford, Connecticut.  (*See id.* ¶ 8.)  Its general partner is Purdue Pharma Inc., and the limited partnership interest is held 100% by Purdue Holdings L.P.  Purdue Pharma Inc. is a New York corporation with its principal place of business in Stamford, Connecticut.  Purdue Holdings L.P. is a Delaware limited partnership with its principal place of business in Connecticut.  Thus, none of Purdue Pharma L.P.'s partners are citizens of Alabama.

17.     Defendant Pfizer Inc. is a corporation organized under the laws of Delaware with its principal place of business in New York.  (*Id.* ¶ 9.)

18.     Defendant KVK-Tech, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Pennsylvania.  (*Id.* ¶ 12.)

19.     Defendant Zydus Pharmaceuticals (USA) Inc. is a corporation organized under the laws of Delaware with its principal place of business in New Jersey.  (*Id.* ¶ 13.)

20.     Accordingly, all of the Manufacturer Defendants are citizens of a state or foreign state other than Alabama.

    **B.     The Citizenship of Doe Defendants Should Be Ignored**

21.     The citizenship of the unnamed, unidentified Doe Defendants should be ignored for purposes of determining whether this action is removable based on diversity of citizenship. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity of citizenship], the citizenship of defendants sued under fictitious names shall be disregarded.").

6

**C.     The Citizenship of the Provider Defendants Should Be Ignored**

**1.     The Provider Defendants Should Be Severed Under Rule 21**

22.     Even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper if the claims against the non-diverse defendants are severable under Federal Rule of Civil Procedure 21.  Defendants are severable under Rule 21 if they are either unnecessary or dispensable under Rule 19, or if the claims against them are sufficiently distinct from claims against other defendants under Rule 20.  Here, the Provider Defendants should be severed on both grounds, each of which preserves diversity jurisdiction as to the Manufacturer Defendants.

23.     "It is firmly established that Rule 21 'invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time,' such as when necessary to establish federal subject-matter jurisdiction."  *Payroll Mgmt., Inc. v. Lexington Ins. Co.*, 815 F. 3d 1293, 1298 n.8 (11th Cir. 2016) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)).  Under Rule 21, a district court may "dismiss a nondiverse dispensable defendant from an action initially brought in federal court under the pretense of diversity of citizenship grounds, in order to *perfect* diversity."  *Byrd v. Howse Implement Co.*, 227 F.R.D. 692, 694 (M.D. Ala. 2005) (citing *Anderson v. Moorer*, 372 F.2d 747, 750 n.4 (5th Cir. 1967)) (emphasis in original).[2]  And it is proper for courts to do so when cases are removed from state court.  *E.g.*, *Clements v. Essex Ins. Co.*, 2016 WL 3144151, at *3 (M.D. Fla. June 6, 2016)

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

(severing dispensable, non-diverse defendant and denying remand following removal, explaining that severance of the non-diverse defendant "preserves the Court's diversity jurisdiction").[3]

24.     *Joseph v. Baxter Int'l, Inc.*, 614 F. Supp. 2d 868 (N.D. Ohio 2009) is particularly instructive.  There, the plaintiffs, citizens of Louisiana, brought a products liability action against the out-of-state manufacturer of the drug Heparin.  *Id.* at 870.  Before the case was removed, the plaintiffs amended their complaint to add as defendants various healthcare provider companies, which were citizens of Louisiana and therefore non-diverse, alleging that they engaged in "negligent acts and omissions in the administration of Heparin."  *Id.* at 871.  Despite the addition of these non-diverse healthcare provider defendants, the district court denied remand as to the diverse manufacturer defendant.  The court reasoned that the healthcare provider defendants were "not necessary parties as the resolution of a claim against them would not necessarily resolve the [plaintiffs'] claim against [the manufacturer]"; the medical malpractice claims against the healthcare providers "differ from the [plaintiffs'] products liability claim" against the manufacturer.  *Id.* at 872.  And, the court explained, the healthcare provider defendants were dispensable because the plaintiffs "retain an adequate remedy against the Healthcare Defendants as they can proceed with their claims in state court."  *Id.* at 873.  Given the separate factual basis for plaintiffs' medical malpractice claims against the healthcare providers, the court found that it could "sever them from the claims against [the manufacturer], and in doing so, perfect diversity jurisdiction over [the manufacturer]."  *Id.* at 874.

25.     Numerous other courts have followed the same approach.  *See*, *e.g.*, *Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 707 (D. Md. 2015); *McElroy v. Hamilton Cty. Bd. of Educ.*, 2012 WL 12871469, at *2-3 (E.D. Tenn. Dec. 20, 2012); *Mayfield v. London Women's*

---

[3] Pursuant to S.D. Ala. CivLR 7(f)(2), copies of all cited judicial opinions that are not available in a publicly accessible electronic database are attached hereto as **Exhibit 3**.

*Care, PLLC*, 2015 WL 3440492, at *5 (E.D. Ky. May 28, 2015); *Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*, 2003 WL 21313957, at *5-6 (D. Kan. May 23, 2003); *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 683 (D. Nev. 2004).[4]

26.    Likewise, this Court should sever the Provider Defendants and deny remand as to the Manufacturer Defendants because the Provider Defendants are both unnecessary and dispensable.  Alleged joint tortfeasors like the Provider Defendants are unnecessary parties as a matter of settled law.  *See Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7-8 (1990) (holding that joint tortfeasors are not necessary parties under Rule 19); *Lyons v. O'Quinn*, 607 F. App'x 931, 934 (11th Cir. 2015) ("[W]here joint tortfeasors may be jointly and severally liable, neither tortfeasor is an indispensable party.") (collecting cases).

27.    Moreover, just like *Baxter* (and many other cases), where the plaintiff's claims against the diverse drug manufacturer and non-diverse healthcare providers were factually distinct, here Plaintiff's claims against the Manufacturer Defendants are factually distinct from those against the Provider Defendants.  Specifically, Plaintiff alleges that the Manufacturer Defendants misrepresented the risks and benefits of FDA-approved prescription opioid medications.  (Compl. ¶ 56.)  By contrast, Plaintiff alleges that the Provider Defendants' treatment of decedent fell below the standard of care.  (*Id.* ¶¶ 15-41.)  There is no overlap between the factual allegations against the Manufacturer Defendants and the Provider

---

[4] *See also Kelly v. Aultman Physician Ctr.*, 2013 WL 2358583, at *3 (N.D. Ohio May 29, 2013) (severing non-diverse healthcare provider defendants and thus denying remand as to diverse manufacturer defendants); *DeGidio v. Centocor, Inc.*, 2009 WL 1867676, at *3-4 (N.D. Ohio July 8, 2009) (same); *Lucas v. Springhill Hosps., Inc.*, 2009 WL 1652155, at *2 (N.D. Ohio June 11, 2009) (denying motion to remand following severance of non-diverse defendants by Judicial Panel on Multidistrict Litigation).

Defendants that would make the Provider Defendants necessary or indispensable parties under Rule 19.

28.    Beyond Rule 19, the claims against the Provider Defendants are also misjoined under Rule 20, which provides a distinct basis for severance.  Rule 21 permits severance of claims against non-diverse defendants that do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the claims against the Manufacturer Defendants.  Fed. R. Civ. P. 20(a)(1)(A); *see Loeffelbein*, 2003 WL 21313957, at *5 ("Rule 21 is a mechanism for correcting . . . the misjoinder . . . of parties or claims" which "arises when the claims and parties fail to satisfy any of the conditions of permissive joinder under Rule 20(a)." (citation omitted)).  Courts in this Circuit and other circuits have repeatedly denied remand as to diverse defendants and severed claims against non-diverse defendants where the claims against the non-diverse defendants were separate and distinct, and arose from different transactions or occurrences.  *See, e.g.*, *Anderson v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 11366408, at *3 (N.D. Fla. Nov. 10, 2008) (severing misjoined non-diverse defendants and denying remand as to diverse defendants, holding that, even though the claims against the diverse and non-diverse defendants "seek to recover for all or part of the same underlying loss[,]" the claims were nevertheless misjoined because they were "wholly distinct").[5]

---

[5] *See also, e.g.*, *Loeffelbein*, 2003 WL 21313957, at *6 (severing non-diverse defendant and denying remand as to diverse defendants; "[w]hile plaintiffs do not distinguish between each of the defendants in the individual counts of the petition, the counts clearly arise from two different sets of facts"); *Sutton*, 251 F.R.D. at 502-05; *Greene*, 344 F. Supp. 2d at 683; *DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 945 (S.D. Ind. 2003) (severing misjoined claims under Rule 21 where plaintiff "allege[d] that many individuals have wronged it in the same way, but in separate transactions or occurrences"); *Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542, 543 (N.D. Ill. 1998) (severing misjoined claims where "the factual scenarios underlying each incident are different, the times are different, and the people involved are different" (footnote omitted)).

29.     For example, the district court in *In re Stryker Rejuvenate & AGB II Hip Implant Prods. Liab. Litig.* held that a plaintiff's medical malpractice claims against the hospital where the plaintiff had hip surgery were not properly joined with product liability claims against the manufacturer of the hip implant provided during the surgery.  2013 WL 6511855, at *4 (D. Minn. Dec. 12, 2013).  Although there was only one surgical procedure involving the allegedly defective implant, the plaintiff's claims did not arise from the same transaction or occurrence:

> With respect to any medical negligence . . . claims that Plaintiff may assert against the Hospital Defendants or its employees, such claims require evidence regarding Plaintiff's care, treatment, and services provided by the Hospital Defendants and their staff, and representations made related thereto.  Plaintiff's claims against the Stryker entities, on the other hand, are based on alleged manufacturing and design defects associated with certain medical devices.  Claims against the Stryker entities will require evidence as to the development, manufacture, and testing of such devices as well as the Stryker entities' knowledge, warnings, and disclosures regarding risks associated with its purportedly defective hip replacement products.  Any liability that may be found against either the Stryker entities or the Hospital Defendants would not be a basis for liability as to the other. . . .

*Id.*; *see also DeGidio*, 2009 WL 1867676, at *2-5 (contrasting medical negligence and product liability claims); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 2007 WL 2572048, at *2 (D. Minn. Aug. 30, 2007) (same).  Because the plaintiff's medical malpractice and product liability claims did not arise from the same transaction or occurrence, the court severed and remanded the medical malpractice claims (as to which diversity was lacking) and retained jurisdiction over the remaining product liability claims.  *See In re Stryker*, 2013 WL 6511855, at *5.  Because of the distinct factual underpinnings of the claims against the diverse and non-diverse defendants here, these sets of claims cannot properly be joined together.

30.     That Plaintiff asserts some causes of action against "all Defendants" changes nothing.  Severance is appropriate because the *factual basis* for Plaintiff's claims against the Manufacturer Defendants (alleged misrepresentations) is separate and distinct from the factual

11

basis giving rise to Plaintiff's claims against the Provider Defendants (alleged medical malpractice).  *See Loeffelbein*, 2003 WL 21313957, at *6 ("While plaintiffs do not distinguish between each of the defendants in the individual counts of the petition, the counts clearly arise from two different sets of facts."); *Nelson v. Aim Advisors, Inc.*, 2002 WL 442189, at *3 (S.D. Ill. Mar. 8, 2002) ("Although Plaintiffs' claims against all Defendants are pled under the same legal theory, it is only in this abstract sense that Plaintiffs' claims share anything in common . . . [and] does not mean that there are common issues of law and fact sufficient to satisfy Rule 20(a).").  If Plaintiff truly wants to pursue claims against the Provider Defendants, Plaintiff has an adequate remedy in state court.  *See Baxter*, 614 F. Supp. 2d at 873.

      31.     While one judge in this District has found it improper to sever non-diverse defendants under Rule 21 as a basis to retain diversity jurisdiction over diverse defendants after removal, *see Brown v. Endo Pharmaceuticals, Inc.*, 38 F. Supp. 3d 1312, 1326-27 (S.D. Ala. 2014) (Steele, J.); *Interior Cleaning Sys., LLC v. Crum*, 2014 WL 3428932, at *5 n.10 (S.D. Ala. July 14, 2014) (Steele, J.), other courts within this Circuit and other circuits have done so, *supra*. Moreover, unlike in *Brown* and *Crum*, where there were no efficiencies to be gained from having the parties to the federal action participate in coordinated MDL proceedings, here the Judicial Panel on Multidistrict Litigation will hear a motion on November 30, 2017, to create an MDL, and courts have repeatedly held that severance of non-diverse defendants is particularly appropriate where it will permit the parties in federal court to benefit from the efficiencies of an MDL.  *See*, *e.g.*, *Cooke-Bates v. Bayer Corp.*, 2010 WL 3984830, at *4 (E.D. Va. Oct. 8, 2010). *certificate of appealability denied*, 2010 WL 4789838 (E.D. Va. Nov. 16, 2010); *Sullivan*, 117 F. Supp. 3d at 707; *Sutton*, 251 F.R.D. at 505; *Baxter*, 614 F. Supp. 2d at 872; *Mayfield*, 2015 WL 3440492, at *5.

## 2.    The Provider Defendants Are Also Fraudulently Misjoined

32.    The citizenship of the Provider Defendants alternatively should be ignored because the claims against them are fraudulently misjoined in this action.  Fraudulent misjoinder, also called procedural misjoinder, "refers to the joining of claims into one suit in order to defeat diversity jurisdiction where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard."  *Reed v. Am. Med. Sec. Grp., Inc.*, 324 F. Supp. 2d 798, 803 n.8 (S.D. Miss. 2004) (citation and internal quotation marks omitted).

33.    The Eleventh Circuit has adopted the fraudulent misjoinder doctrine and held that "[a] defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'"  *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)), *abrogated on another ground in Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  District courts in this Circuit have applied *Tapscott* and explained that "federal courts may disregard citizenship of resident parties and sever and remand their claims when the factual nexus between these claims and claims of the diverse parties is so lacking as to render joinder under Federal Rule of Civil Procedure 20 nothing but an attempt to avoid federal jurisdiction."  *M.W. v. Ford Motor. Co.*, 2015 WL 1311029, at *4 (M.D. Fla. Mar. 24, 2015) (claims against non-diverse defendants were fraudulently misjoined where "[p]laintiffs do not satisfy the permissive joinder requirements of Federal Rule of Civil Procedure 20(a)(2)") (citing *In re Trasylol Prods. Liab. Litig.*, 754 F. Supp. 2d 1331, 1335 (S.D. Fla. 2010)).

34.    Notably, in opioid-related cases like this one, federal district courts recently relied on the fraudulent misjoinder doctrine to ignore the citizenship of non-diverse defendants and deny remand based on diversity jurisdiction.  *See Cty. Comm'n of McDowell Cty. v. McKesson*

*Corp.*, 2017 WL 2843614, at *5 (S.D. W. Va. July 3, 2017); *City of Huntington v. AmerisourceBergen Drug Corp.*, 2017 WL 3317300, at *4-5 (S.D. W. Va. Aug. 3, 2017).  In *McKesson Corp.*, the plaintiff filed suit in state court against diverse distributors of opioid products for allegedly "flood[ing] McDowell County with opioids well beyond what was necessary to address pain and other [legitimate] reasons," and also against a non-diverse doctor for allegedly "provid[ing] written opioid prescriptions for patients, knowing that the drugs were likely to be abused, diverted or misused."  2017 WL 2843614, at *1.  The court found that these claims were fraudulently misjoined and accordingly denied remand because "plaintiff's claims against the [distributors] and the claims against [the doctor]" lacked "common questions of law or fact" and were "separate and distinct."  *Id.* at *5.  In *City of Huntington*, the court reached the same conclusion for substantially the same reasons.  2017 WL 3317300, at *5 (claims against diverse and non-diverse defendants were "separate and distinct").

35.     Even if the Court finds that the Provider Defendants are not dispensable parties subject to severance, it should find the claims against them misjoined under the fraudulent misjoinder doctrine.

36.     In sum, because Plaintiff is an Alabama citizen, and because none of the properly joined Defendants are Alabama citizens, there is complete diversity of citizenship.  *See* 28 U.S.C. § 1332(a).

## II.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

37.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not

contested by the plaintiff or questioned by the court." *Id*. at 553.  In determining whether the amount in controversy is satisfied, the Court may consider compensatory and statutory damages, as well as punitive damages.  *See Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

38.     Where, as here, the complaint does not establish a specific amount-in-controversy, "it may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum[.]" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citation and internal quotation marks omitted).  District courts should not "suspend reality or shelve common sense" in determining whether the amount-in-controversy is satisfied. *Id.* at 1062 (quotation marks omitted).  Instead, courts should "use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* (footnote omitted).

39.     Plaintiff brings this action under Alabama's wrongful death statute (Compl. ¶ 38), and courts have repeatedly held that Alabama wrongful death cases like this one satisfy the amount-in-controversy requirement.  *See, e.g., Roe*, 613 F.3d at 1066; *Hale v. Cub Cadet, LLC*, 2010 WL 4628135, at *3 (M.D. Ala. Nov. 8, 2010) ("[A]pplying common sense and drawing reasonable inferences from the factual allegations of the Complaint" to determine that the amount-in-controversy in an Alabama wrongful death case was satisfied); *Nelson v. Whirlpool Corp.*, 668 F. Supp. 2d 1368, 1375-76 (S.D. Ala. 2009) (holding amount-in-controversy exceeded $75,000 and noting that it would "defy common sense" to insist that a wrongful death suit "does not place more than $75,000 in controversy").  Moreover, Plaintiff seeks compensatory and punitive damages (*see* "Wherefore" in Complaint under claims for Wantonness, Fraud & Misrepresentation, Suppression & Concealment, Deceit, Unjust

15

Enrichment, and Civil Conspiracy).  It is thus clear that the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

## III.    ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A.    The Notice of Removal Is Timely

40.    This Notice of Removal is timely filed.  Purdue received the Complaint through service on October 30, 2017.  Because Purdue filed the Notice of Removal on November 27, 2017, removal is timely.  *See* 28 U.S.C. § 1446(b)(1).

### B.    All Properly Joined and Served Defendants Consent to Removal

41.    For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

42.    The following properly joined and served Defendants consent to removal, as indicated by their signing below:  Pfizer Inc.; KVK Tech, Inc.; and Zydus Pharmaceuticals (USA) Inc.

43.    The following properly joined Defendant does not concede that it has been properly served, and thus its consent to removal is not required:  Endo Pharmaceuticals Inc. Nevertheless, it consents to removal.

44.    The following Defendant disputes that it has been properly joined and does not concede that it has been properly served, and thus its consent to removal is not required:  Endo International plc.  Nevertheless, it consents to removal (while reserving all rights).

45.    The state court docket and all papers filed in the state court (**Exhibit 2**) do not reflect proper service of the Complaint on any of the Provider Defendants other than Mr. Tarabein.  Because the Provider Defendants are not properly joined with the Manufacturer

Defendants, and because the Provider Defendants other than Mr. Tarabein have not been properly served, their consent to removal is not required.  *See* 28 U.S.C. § 1446(b)(2)(A).

46.     By filing this Notice of Removal, neither Purdue nor any other Defendant waives any defense that may be available to them and reserve all such defenses.  If any question arises as to the propriety of the removal to this Court, Purdue and the remaining properly joined defendants request the opportunity to present a brief and oral argument in support of their position that this case has been properly removed.

### C.     Notice of Removal

47.     Pursuant to 28 U.S.C. § 1446(d), Purdue will give written notice of the filing of this Notice of Removal to all parties of record in this matter, and will file a copy of this Notice with the clerk of the state court.

### CONCLUSION

WHEREFORE, Purdue hereby removes this action from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama.

DATED:  November 27, 2017

*/s/ Blair G. Mattei*_____
MICHAEL E. UPCHURCH (UPCHM2707)
BLAIR G. MATTEI (GRAFB2757)
FRAZER, GREENE, UPCHURCH &BAKER
Post Office Box 1686
Mobile, Alabama  36633
Telephone:  (251) 431-6020
Facsimile:  (251) 431-6030
meu@frazergreene.com
bgm@frazergreene.com

*/s/ Mark S. Cheffo*_____
Mark S. Cheffo*
Hayden A. Coleman*
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel: (212) 849-7000
Fax: (212) 849-7100
markcheffo@quinnemanuel.com
haydencoleman@quinnemanuel.com
*\* denotes national counsel who will seek pro hac
vice admission*

Attorneys for Defendant PURDUE PHARMA
L.P.


**WRITTEN CONSENT OF OTHER
DEFENDANTS**

Consent to removal on behalf of Defendants
ENDO INTERNATIONAL PLC and ENDO
PHARMACEUTICALS INC.

 /s/ Lee E. Bains, Jr._____
MAYNARD, COPPER & GALE, P.C.
1901 Sixth Ave. N. Suite 2400
Birmingham, AL 35203
(205) 254-1022
lbains@maynardcooper.com

F. Grey Redditt, Jr.
Maynard Cooper and Gale
RSA Battle House Tower
11 N. Water Street, Suite 24290
Mobile, AL 36602
251-405-8647
gredditt@maynardcooper.com

Ingo W. Sprie, Jr.*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
Ingo.Sprie@apks.com

Sean Morris*
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@apks.com

*denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendant PFIZER INC.

 /s/ Fred M. Haston, III
Fred M. Haston, III
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 5th Avenue N
Birmingham, AL 35203
(205) 521-8303
thaston@bradley.com

Loren H. Brown*
DLA PIPER
1251 Avenue of the Americas
New York, NY 10020-1104
(212) 335-4846
loren.brown@dlapiper.com
*denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendant KVK-TECH, INC.

 /s/ Thomas E. Rice*
Thomas E. Rice
BAKER STERCHI COWDEN & RICE LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108-2533
(816) 471-2121
rice@bscr-law.com

*denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendant
ZYDUS PHARMACEUTICALS (USA) INC.

/s/ Arthur J, Liederman*
Arthur J. Liederman
MORRIS MAHONEY LLP
120 Broadway
New York, NY 10271
(212) 428-2480
aliederman@morrismahoney.com

*denotes national counsel who will seek pro hac vice admission*

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2017, I electronically filed the foregoing with the Clerk of the Court and served a copy of the foregoing by electronic filing and/or by placing a copy of same in the United States mail, properly addressed and first-class postage prepaid to the following:

Jonathon R. Law
David A. Busby
DANIELL, UPTON & PERRY, P.C.
30421 Highway 181
Daphne, AL 36527
(251) 625-0046
jrl@dupm.com
dab@dupm.com
*Attorneys for Plaintiff*

C. Bennett Long
LONG & LONG
301 St. Louis Street
Mobile, AL 36602
(251) 432-2277
bennett@longandlong.com
*Attorney for Plaintiff*

Lee E. Bains, Jr., Esquire
MAYNARD, COPPER & GALE, P.C.
1901 Sixth Ave. N. Suite 2400
Birmingham, AL 35203
(205) 254-1022
lbains@maynardcooper.com
*Attorney for Endo International plc and Endo Pharmaceuticals, Inc.*

F. Grey Redditt, Jr., Esquire
MAYNARD COOPER AND GALE
RSA Battle House Tower
11 N. Water Street, Suite 24290
Mobile, AL 36602
(251) 405-8647
gredditt@maynardcooper.com
*Attorney for Endo International plc and Endo Pharmaceuticals, Inc.*

Ingo W. Sprie, Jr., Esquire
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
Ingo.Sprie@apks.com
*Attorney for Endo International plc and Endo Pharmaceuticals, Inc.*

Sean Morris, Esquire
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@apks.com
*Attorney for Endo International plc and Endo Pharmaceuticals, Inc.*

Fred M. Haston, III, Esquire
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 5th Avenue N
Birmingham, AL 35203
(205) 521-8303
thaston@bradley.com
*Attorney for Pfizer Inc.*

Loren H. Brown, Esquire
DLA PIPER
1251 Avenue of the Americas
New York, NY 10020-1104
(212) 335-4846
loren.brown@dlapiper.com
*Attorney for Pfizer Inc.*

Thomas E. Rice, Esquire
BAKER STERCHI COWDEN & RICE LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108-2533
(816) 471-2121
rice@bscr-law.com
*Attorney for KVK-Tech, Inc.*

Arthur J. Liederman, Esquire
MORRIS MAHONEY LLP
120 Broadway
New York, NY 10271
(212) 428-2480
aliederman@morrismahoney.com
*Attorney for Zydus Pharmaceuticals (USA) Inc.*

John Patrick Couch #14290-003
C/O FCI Forrest City Low
Forrest City, AR 72335

Physician Pain Specialists of Alabama, P.C.
John P. Couch #14290-003
C/O FCI Forrest City Low
Forrest City, AR 72335

C&R Pharmacy, LLC
John P. Couch #14290-003
C/O FCI Forrest City Low
Forrest City, AR 72335

Eastern Shore Neurology Clinic
C/O Rassan Tarabein Reg Ag
22341 Main Street
Fairhope, AL 36532

*/s/ Blair G. Mattei*
OF COUNSEL