# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| THE ESTATE OF BRUCE BROCKEL, Deceased, by and through DONNA BROCKEL, as Personal Representative, Plaintiff, | ) ) ) ) ) |
| v. | ) CIVIL ACTION 17-00521-KD-MU |
| PURDUE PHARMA L.P., *et al.*, Defendants. | ) ) ) |

## ORDER

This action is before the Court on Defendant Purdue Pharma L.P (Purdue) and the "Endo Defendants" (Endo) (for purposes of this order, defendants)' joint Motion to Stay (Doc. 23), Plaintiff's response (Doc. 25) and defendants' Reply (Doc. 40).

**I.  Background**

On October 25, 2017, this case was filed in the Circuit Court of Mobile County Alabama against a number of defendants (*The Estate of Bruce Brockel v. John Patrick Couch, et al*, 02-CV-2017-902787.00). (Doc. 1-1). On November 27, 2017, defendants removed this case to this Court. (Doc. 1). On December 5, 2017, Plaintiff filed a motion to remand (based on fraudulent joinder). (Doc. 20). On December 13, 2017, defendants filed a motion to stay this case (all deadlines, rulings, etc. and briefing on the motion to remand) pending a final decision by the Judicial Panel on Multidistrict Litigation (JPML) on whether to transfer this case to the multidistrict litigation in the Northern District of Ohio (MDL) (*In re: National Prescription Opiate Litigation,* Case No. 1:17CV2804, before Judge Polster). (Doc. 23). Defendants seek entry of a stay of all rulings (including on Plaintiff's pending motion to remand) and deadlines in this case pending the MDL proceedings, arguing that such is needed to conserve the court and

the parties' resources as well as to avoid duplicative, costly and potentially irrelevant dispositive motion practice and litigation.

On September 25, 2017, a group of plaintiffs filed a motion to transfer and consolidate 66 substantially similar federal actions filed on behalf of counties, cities or other governmental entities in 11 various federal courts, alleging wrongful conduct by the defendants in the chain of manufacture/distribution of prescription opioid painkillers, as well as tag-along cases filed in the future.  (Docs. 25-1; 25-2).  On December 5, 2017, a Judicial Panel on Multidistrict Litigation (JPML) formed the subject multidistrict litigation (MDL) in the Northern District of Ohio, and transferred 62 actions to the MDL for consolidation as those cases "concern the alleged improper marketing of and inappropriate distribution of various prescription opiate medications into cities, states and towns across the country" and plaintiffs in those cases "are cities, counties and states." (Doc. 25-3, MDL NO. 2804).  No individuals were part of this original transfer order. The JMPL added, however, that while the cases before it involved claims "by political subdivisions, we have been notified of potential tag-along cases brought by individuals, consumers, hospitals and third party payors…this litigation might evolve to include additional categories of plaintiffs and defendants, as well as different types of claims."  (Id. at 4-5).  On December 6, 2017, the MDL Panel conditionally transferred 117 additional actions to the MDL, and all plaintiffs but two (2) appear to be brought by governmental entities, hospitals or third party payors. (Doc. 25-4, MDL NO. 2804, CTO-1).

On December 12, 2017, the MDL Panel *conditionally transferred* 11 additional actions to the MDL, *including this case*, and all but the present case appear to be brought by plaintiffs which are governmental entities, hospitals or third party payors.  (Doc. 25-6 – CTO 2).  On December 13, 2017, the MDL judge suggested there were 3 categories of cases before him: 1)

government plaintiffs (cities, counties, states); 2) institutional plaintiffs (ERISA pension, health and pension, welfare funds, etc.); and 3) "some cases filed by individuals or groups of individuals[.]" (Doc. 40-1 at 4-5; Doc. 25-7 at 5-6 -- 12/13/17 hearing). The Judge stated that he would have to decide "whether I am going to keep the non government cases in this MDL…or whether…they need to go back….The issue in my mind, it is an open question on the….individual plaintiffs [whether they would stay in the MDL]." (Doc. 25-7 at 5, 22-23). The Judge referenced pending motions to remand "around the country" based on diversity/fraudulent joinder: "[m]y thought is to just leave them hanging for a while[]" to see if there is "some framework for some resolution[]" as "I have limited time and limited staff, and I just don't want to be tied up on individual remand motions…. " (Doc. 25-7 at 16, 22; see also Doc. 25-10 at 3 12/14/17 order). The drug manufacturer defendants' counsel acknowledged "some of the personal injury type cases are a little different than the others. We recognize that…." (Doc. 25-7 at 27-28). The Judge asked counsel to provide suggestions for any individual cases that may arise. (Doc. 25-10 at 4).

On December 19, 2017, Plaintiff filed a timely Notice of Opposition to the transfer. (Doc. 25-8; Doc. 390 MDL). The JPML set a schedule, for motions to vacate the conditional transfer order, with briefing to conclude by January 24, 2018. (Doc. 35 at 2; Doc. 400 MDL). Plaintiff states it will file a motion to vacate the conditional transfer order on January 3, 2018.

**II.    Discussion**

**A.    Relevant Law**

As set forth by this Court in <u>Maiben v. CSX Transp., Inc</u>., 2009 WL 1211186, *1 (May 1, 2009) (footnote omitted):

> "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706…(1997).[] …"How this can

3

best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.,* 299 U.S. 248, 254–55…(1936).…"the court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side." *Feld Entertainment, Inc. v. A.S.P.C.A.*, 523 F.Supp.2d 1, 3 (D.D.C.2007) (citations omitted).

Concerning requests for stays, as explained in <u>Hess v. Volkswagen Group of Am., Inc</u>., 2016 WL 3483166, *3-4 (N.D. Ala. Jun. 27, 2016) (emphasis added):

> "The inherent discretionary authority of the district court to stay litigation pending the outcome of [a] related proceeding in another forum is not questioned." *CTI-Container Leasing v. Uiterwyk Corp.,* 685 F.2d 1284, 1288 (11th Cir. 1982).…**Rule 18 of the Rules of the Judicial Panel on Multidistrict Litigation indicates that pendency of a conditional transfer order to an MDL does not limit the pretrial jurisdiction of the district court that is potentially the transfer court; accordingly "a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation**." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1348, 1360 (C.D. Cal. 1997) (citing Manual for Complex Litig., Third, at 252 (1995))…..
>
> Courts should consider three factors…..: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers*, 908 F. Supp. at 1360; *see also Jozwiak v. Stryker Corp.*, 2010 WL 147143, at *2 (M.D. Fla. Jan. 11, 2010)….

Additionally, per <u>City of Bham Retirement & Relief Fund v. Citigroup, Inc</u>., 2003 WL 22697225, *1 (N.D. Ala. Aug. 12, 2003): "a decision of the JPML 'does not affect or suspend orders' by the district court to remand or transfer…." And as expressed by an MDL Panel <u>In re Asbestos Prod. Liab. Ltgtn</u>., 170 F.Supp.2d 1348 at note 1 (J.P.M.L. 2001) (emphasis added):

> We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) **Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3)…those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them….**

4

See also e.g., In re Prudential Co. of Am. Sales Pract. Litigation, 170 F.Supp.2d 1346, 1347-1348 (J.P.M.L. 2001) (same). See also Rivers v. The Walt Disney Co., 980 F.Supp. 1358, 1360 (C.D. Cal. 1997) "[t]he pendency of a….conditional transfer order….before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court[]"). In sum, entry of a stay is not automatic with a conditional MDL transfer order. Courts still assess if a stay is "better calculated to vindicate the interests of judicial economy, consistency of result, and minimization of prejudice to the parties." Betts v. Eli Lilly and Co., Inc., 435 F.Supp.2d 1180, 1182 (S.D. Ala. 2006).

**B.     Application**

Defendants seek entry of a stay of this case (all rulings, deadlines, etc.) in light of the conditional transfer order issued by the MDL panel to avoid piecemeal litigation, conserve judicial resources and the like. Defendants reference "32 similar lawsuits" that have been transferred or conditionally transferred to the MDL resulting in a stay of the federal district court case. (Doc. 23 at 5 at note 4). Defendants assert that without a stay, they will be required to expend significant time and resources in litigating the case in this court only to have to file duplicative pleadings in the MDL, which is an unfair burden to impose on them, whereas Plaintiff will not be prejudiced by a stay. (Doc. 23 at 7).

First, the potential prejudice to the non-moving party, Plaintiff, appears significant. Plaintiff's claims are individual claims. Those are inevitably distinct from the claims of government and/or institutional plaintiffs. Additionally, Plaintiff contends that removal of her state case to this Court was improper due to fraudulent joinder, such that leaving her motion to

remand pending, if the MDL proceeds, would be highly prejudicial. Defendants suggest that there is no prejudice to Plaintiff and the remand motion should be resolved in the MDL because the same "overlapping jurisdictional issues" are likely to arise in other actions in the MDL transferee court. (Doc. 40 at 4-5). The Court cannot agree. Plaintiff asserts that her motion to remand is based on underlying Alabama law, not the law of Ohio where the MDL exists, and that there are no other individual Alabama plaintiffs litigating in the MDL proceedings. Thus, even though fraudulent jurisdiction may have been raised in other remand motions in other cases in other jurisdictions, those motions are not rooted in Alabama law nor are there rooted in an individual plaintiff (versus a government or institutional) claim, like this case. Defendants have not shown otherwise. The Court finds Plaintiff's contentions persuasive.

Second, Defendants have not established undue hardship and/or inequity if the action is not stayed. This is particularly true as it pertains to the court determining whether remand is appropriate.

Third, Defendants have not sufficiently established that judicial resources will be saved and/or that Plaintiff's individual case is necessarily "duplicative" when compared to those of the government and/or institutional plaintiffs.

Moreover, it does not appear that entry of a stay of this case will vindicate the interests of judicial economy, serve to aid in the consistency of results and/or minimize prejudice to defendants. Instead, there appears to be the potential for extensive litigation as to whether the case should be transferred. Some cases' conditional transfer orders have already been vacated and Plaintiff intends to file a motion to vacate the conditional transfer order, which currently includes her individual case. Indeed, the propriety of individual cases in the MDL Panel – versus government entity cases – is already in dispute, and notably in the mind of the presiding

MDL judge.

Further, the JPML rules do not support entry of a stay, as per Rule 2.1(d) "the pendency of a....conditional transfer order does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." See also In re: Payment Card Interchange Fee & Merchant Discount Antitrust Litig., MDL No. 1720, 2017 WL 4582708 at *1 (J.P.M.L. Aug. 2, 2017) ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand[]").

Finally, there is support for proceeding with resolving the motion to remand (assessing diversity jurisdiction and fraudulent joinder) at this juncture especially given the sitting Judge's preference to let them "hang[] for a while" instead of ruling on them in the MDL. Betts, 435 F.Supp.2d at 1182 and 1184 (internal quotations and citations omitted) ("fraudulent joinder issues are particularly poor candidates for reflexive deferral[]" and "this Court has already adopted a standard for gauging motions to defer ruling on a pending motion to remand...[a] court should first give preliminary scrutiny to the merits of the motion to remand[]...if this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court[]...").

And as recently expressed by the very MDL court to which this case has been conditional transferred, In re: National Prescription Opiate Litigation, MDL NO. 2804, 2017 WL 6031547, *2 (J.P.M.L. Dec. 5, 2017) (emphasis added): "**it may become apparent that certain types of actions or claims could be more efficiently handled in the actions' respective transferor courts. Should the transferee judge deem remand of any claims or actions appropriate** (or, relatedly, the subsequent exclusion of similar types of claims or actions from the centralized

proceedings), **then he may accomplish this by filing a suggestion of remand to the Panel.** *See* **Panel Rule 10.1. As always, we trust such matters to the sound judgment of the transferee judge**."

## III. Conclusion

Accordingly, upon consideration, it is **ORDERED** that Defendant Purdue Pharma L.P (Purdue) and the "Endo Defendants" (Endo)'s joint Motion to Stay (Doc. 23) is **DENIED.**

**DONE** and **ORDERED** this the **3rd** day of **January 2018.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**