IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE ESTATE OF BRUCE BROCKEL, Deceased, by and through DONNA BROCKEL, as personal representative, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIV. A. NO. 17-0521-KD-MU |
| PURDUE PHARMA L.P., *et al.*, | ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Remand this action

to the Circuit Court of Mobile County, Alabama (Doc. 20), Defendant Purdue

Pharma L.P.'s Opposition to Plaintiff's Motion to Remand as to the Manufacturer

Defendants (Doc. 29), and Plaintiff's Reply to Defendant Purdue Pharma LP's

Opposition to Plaintiff's Motion to Remand (Doc. 46). For the reasons set forth

herein, the undersigned Magistrate Judge recommends that Plaintiff's motion be

granted and that this action be remanded to the Circuit Court of Mobile County,

Alabama.

## I.  PROCEEDINGS

On October 25, 2017, Plaintiff filed a wrongful death action against

Defendants in the Circuit Court of Mobile County, Alabama, which was docketed

as Civil Action Number 2107-CV-902787. Plaintiff alleges that Brockel, the

decedent, committed suicide on August 7, 2017, as the result of the actions of

the various Defendants in manufacturing, marketing, selling, distributing, and/or

prescribing harmful and addictive opioids and drugs to him to treat chronic pain. (Doc. 1-1). The defendants are two physicians who treated Brockel, their practices, a pharmacy that filled prescriptions for pain medication prescribed to Brockel, and six companies that manufacture, market, sell, and distribute the pain medications that Brockel took. (Doc. 1-1). Plaintiff has asserted claims of negligence, wantonness, product liability, fraud, misrepresentation, suppression, concealment, deceit, unjust enrichment, and civil conspiracy against all Defendants and a medical malpractice claim against the physician defendants only. (*Id).*

Defendant Purdue Pharma L.P. ("Purdue") filed a notice of removal, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removing the action to this Court on November 27, 2017. (Doc. 1). In its notice of removal, Purdue alleged that removal was proper pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and all **properly joined** defendants and the amount in controversy exceeds the sum of $75,000. (*Id*. at p. 4). Plaintiff has moved to remand this case on the ground that Purdue has failed to meet its burden of proving that there is complete diversity of citizenship because it claims the physicians, their practices, and the pharmacy, who are indisputably residents of the same state as Plaintiff, were not fraudulently joined or otherwise misjoined. (Doc. 20 at pp. 2-10).

## II. DISCUSSION

Because Purdue removed this case to federal court, it has the burden of proving that federal jurisdiction exists. *See Pacheco de Perez v. AT&T Co.*, 139

F.3d 1368, 1380 (11th Cir. 1998); *Brown v. Endo Pharmaceuticals, Inc.*, 38 F.

Supp. 3d 1312, 1321 (S.D. Ala. 2014). "Because removal jurisdiction raises

significant federalism concerns, federal courts are directed to construe removal

statutes strictly," and "***all doubts about jurisdiction should be resolved in***

***favor of remand to state court***." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d

405, 411 (11th Cir. 1999) (emphasis added); *see also Burns v. Windsor Ins. Co.,*

31 F.3d 1092, 1095 (11th Cir. 1994) (holding that any questions or doubts are to

be resolved in favor of returning the case to state court). Generally, federal

diversity jurisdiction requires complete diversity between the plaintiffs and the

defendants; however, the doctrine of fraudulent joinder "provides an exception to

the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154

F.3d 1284, 1287 (11th Cir. 1998), *quoted in Brown*, 38 F. Supp. 3d at 1321.

Purdue claims that the physicians, their practices, and the pharmacy, all of whom

are Alabama residents, were fraudulently joined or misjoined, and therefore,

federal jurisdiction is proper in this case based on diversity of citizenship. (Doc. 1

at pp. 13-14). Purdue also argues that this Court should sever the claims against

the providers from the claims against the manufacturers thereby creating

complete diversity between Plaintiff and the manufacturer defendants. (*Id*. at pp.

7-12).

**A. Fraudulent Joinder**

The legal standard to establish fraudulent joinder in this district was

recently succinctly set forth in *McKenzie v. Janssen Biotech, Inc.*, Civ. A. 17-

0111-WS-B, 2017 WL 2670738, at *3-4 (S.D. Ala. June 21, 2017):

"In a removal case alleging fraudulent joinder, the removing party has the burden of proving that ... there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) (citation omitted); *see also Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) ("To establish fraudulent joinder, the removing party has the burden of proving by clear and convincing evidence that ... there is no possibility the plaintiff can establish a cause of action against the resident defendant") (citation and internal marks omitted).

"The burden of establishing fraudulent joinder is a heavy one." *Pacheco de Perez*, 139 F.3d at 1380; *see also Stillwell*, 663 F.3d at 1332 (similar). "If there is even a possibility that a state court would find that the complaint states a cause of action against ... the resident defendant [ ], the federal court must find that the joinder was proper and remand the case to the state court." *Stillwell*, 663 F.3d at 1333 (citations omitted); *see also Pacheco de Perez*, 139 F.3d at 1380 ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court."). Thus, the plaintiff "need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Stillwell*, 663 F.3d at 1333 (citation omitted); *see also Ullah v. BAC Home Loans Servicing LP*, 538 F. App'x 844, 846 (11th Cir. 2013) (adopting the "even a possibility" formulation and explaining that "[t]he standard for evaluating whether the plaintiff can establish a cause of action against the resident defendant is very lenient").

Significantly, the fraudulent joinder standard differs from, and is less stringent than, the *Twombly/Iqbal* "plausibility" test that governs motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kimball v. Better Business Bureau of West Florida*, 613 F. App'x 821, 823 (11th Cir. 2015) ("Notably, the standard for assessing fraudulent joinder differs from the one used for Rule 12(b)(6) motions to dismiss [.]"). Whereas the *Twombly* test "asks for more than a sheer possibility that a defendant has acted unlawfully, ... all that is required to defeat a fraudulent joinder claim is a possibility of stating a valid cause of action." *Stillwell*, 663 F.3d at 1333 (citations omitted). Unlike the plausibility test that governs Rule 12(b)(6) motions in federal court, the Eleventh Circuit utilizes a possibility test for fraudulent joinder that incorporates pleading standards applicable in state court.

Under Alabama law, "dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the

plaintiff can prove no set of facts entitling him to relief." *Stovall v. Universal Const. Co.*, 893 So. 2d 1090, 1101 (Ala. 2004) (citations omitted); *see also Ex parte Austal USA, LLC*, —— So.3d ——, 2017 WL 836567, *5 (Ala. Mar. 3, 2017) ("a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief") (citation and internal quotation marks omitted); *Mooneyham v. State Bd. of Chiropractic Examiners*, 802 So. 2d 200, 203 (Ala. 2001) ("[m]otions to dismiss under Rule 12(b)(6) should be granted sparingly") (citation omitted). Thus, Alabama law provides that "[t]he dismissal of a complaint is not proper if the pleading contains even a generalized statement of facts which will support a claim for relief." *McKelvin v. Smith*, 85 So. 3d 386, 389 (Ala. Civ. App. 2010) (citations and internal quotation marks omitted). The fraudulent joinder analysis in this case proceeds in recognition of that legal standard.

(footnotes omitted).

Plaintiff's complaint alleges that the provider defendants treated Brockel for chronic pain with various opioid and other prescription medications over a number of years and that, *inter alia,* they increased the amounts, potency, and type of drugs without necessity or justification. (Doc. 1-1 at pp. 7-8). The complaint further alleges that Brockel committed suicide because of the actions of the provider and manufacturer defendants. (Doc. 1-1). Plaintiff has asserted claims based upon these facts, which are set forth in more detail in the complaint, for medical practice against the provider defendants and for negligence, wantonness, product liability, fraud, misrepresentation, suppression, concealment, deceit, unjust enrichment, and civil conspiracy against both the provider and manufacture defendants. There is no doubt here that Plaintiff has stated more than a possible claim against the provider defendants; therefore, Purdue's argument fails under this standard.

**B. Fraudulent Misjoinder**

Purdue argues that the citizenship of the provider defendants should also be ignored based on the rule of fraudulent **misjoinder** set forth in *Tapscott v. MS Dealer Service Corporation,* 77 F.3d 1353 (11th Cir. 1996). In *Tapscott,* the Eleventh Circuit held that "[a] defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'" 77 F.3d at 1360 (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)), *abrogated on another* ground *by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000). Purdue also relies on cases from other jurisdictions that have held that claims are fraudulently misjoined if the claims against the various defendants lack common questions of law or fact or if the claims assert separate and distinct causes of action. *See City of Huntington v. AmerisourceBergen Drug Corp.*, Civ. A. No. 3:17-01362, 2017 WL 3317300, at *4-5 (S.D. W. Va. Aug. 3, 2017); *Cty. Comm'n of McDowell Cty. v. McKesson Corp.*, Civ. A. No. 1:17-00946, 2017 WL 2843614, at * 5 (S.D. W. Va. July 3, 2017).

In this case, Plaintiff has alleged that all defendants, both providers and manufacturers, were involved in oversupplying Brockel with opioid and other prescription pain medications. She has asserted various causes of action against all defendants based upon the same general principles of law. For example, in the fifth cause of action, Plaintiff alleges that both the provider and manufacturer defendants "committed fraud by misrepresenting and/or concealing the harmful effects and addictiveness of the opioids and drugs that were manufactured,

marketed, sold, and distributed and/or prescribed by the Defendants and consumed by Mr. Brockel." (Doc. 1-1 at p. 14). Also, in the ninth cause of action, Plaintiff asserts a claim of civil conspiracy against all defendants, alleging that "Defendants conspired to suppress and/or conceal the harmful effects and addictiveness of the opioids and drugs that were manufactured, marketed, sold, distributed, and/or prescribed by Defendants and consumed by Mr. Brockel." (Doc. 1-1 at p. 18). Based on Plaintiff's allegations, the Court finds that at least some of the claims asserted against the provider defendants are factually intertwined with the claims against the manufacturer defendants, have common questions of law and fact, and arise out of the same series of transactions and occurrences. Therefore, the Court rejects Purdue's argument that the provider defendants were fraudulently misjoined.

**C. Severance**

Purdue also argues that this Court should sever the claims against the provider defendants from those against the manufacturer defendants pursuant to Rule 21 of the Federal Rules of Civil Procedure. This argument has been soundly rejected in this district. In *Brown, supra,* 38 F. Supp. 3d 1312, 1326-27 (S.D. Ala. 2014), the defendant, like Purdue here, argued that the federal district court could sever claims against the nondiverse defendants and remand those, while retaining the claims against the diverse defendants. The court rejected that argument noting that the "fundamental problem [was] that [the diverse defendant] essentially [was] asking [the] Court to employ the procedural device of severance not to "retain" jurisdiction, but to manufacture federal jurisdiction that did not exist

at the moment when [the diverse defendant] removed this case…." *Id.* at 1326. "[W]ell-settled law provides that diversity jurisdiction is examined at the time of removal." *Id.* (citing *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011)). "If there was not complete diversity at the time of removal, and if there was no fraudulent joinder or fraudulent misjoinder of nondiverse parties, then the lack of complete diversity at the moment of removal deprives this Court of subject matter jurisdiction and necessitates remand to state court." *Interior Cleaning Systems, LLC v. Crum*, 2014 WL 3428932, *5 n.10 (S.D. Ala. July 14, 2014), *quoted in Brown*, 38 F. Supp. 3d at 1326-27. Pursuant to the holdings in *Crum* and *Brown,* this Court rejects Purdue's request for a severance of the claims against the various defendants in this action for the attempted purpose of creating diversity jurisdiction.

### III. CONCLUSION

Because all Defendants are not diverse from Plaintiff and because the manufacturer defendants have failed to prove by a preponderance of the evidence that the non-diverse defendants were fraudulently joined or fraudulently misjoined, the requirements for diversity, and thus, for federal jurisdiction, have not been met. It is therefore **RECOMMENDED** that Plaintiff's motion to remand be **GRANTED** and that this case be transferred back to the Circuit Court of Mobile County, Alabama.

**DONE** this the **18th** day of **January, 2018**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**