IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE ESTATE OF BRUCE BROCKEL, Deceased, by and through Donna Brockel, as Personal Representative, ) ) ) ) Plaintiff, ) ) vs. ) ) PURDUE PHARMA L.P., *et al.*, ) ) Defendants. ) | Civil Action No. 17-00521-KD-MU |

## ORDER

This action is before the Court on the Motion to Reopen Case filed by Defendant Purdue Pharma L.P. (d0oc. 56). Purdue moves the Court to reopen the case and consider Purdue's objections to the Magistrate Judge's Report and Recommendation. Upon consideration, and for the reasons set forth herein, the Motion to Reopen Case is **GRANTED** and the Order and Judgment of remand is **VACATED.**

I. Procedural history

On October 25, 2017, Plaintiff, The Estate of Bruce Brockel Deceased, filed a wrongful death action against Defendants in the Circuit Court of Mobile County, Alabama. Plaintiff alleges that Brockel committed suicide as the result of the Defendants' actions of manufacturing, marketing, selling, distributing, and/or prescribing opioids and drugs to Brockel to treat chronic pain.

Defendant Purdue removed the action to this Court on basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Purdue alleged that there was complete diversity of citizenship between Plaintiff and all properly joined defendants. Purdue alleged that the

Alabama citizen defendants were not properly joined and their citizenship should be disregarded. Plaintiff moved to remand on basis that the Alabama citizen defendants were not fraudulently joined or otherwise misjoined. Plaintiff argued that Purdue had failed to meet its burden to establish complete diversity of citizenship.

On January 19, 2018, the Magistrate Judge entered a Report and Recommendation wherein he recommended remand of the action to the Circuit Court of Mobile County, Alabama (doc. 51). The Court adopted the Report and Recommendation on February 2, 2018, stating that no objections had been filed, and remanded the action to the Circuit Court of Mobile County, Alabama (docs. 52, 53). Later that same day, Defendant Purdue filed its objections to the Report and Recommendation (docs. 54, 55). Purdue now moves the Court to reopen the case and consider its objections (doc. 56).

II. Analysis

In the motion to reopen, Purdue argues that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),[1] objections were due within fourteen days after being served with the Report and Recommendation.[2] Purdue calculated the deadline as February 2, 2018, fourteen days after the date of service, January 19, 2018.

---

[1] "Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C.A. § 636(b)(1)(C); "(2) *Objections*. Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).

[2] The Report and Recommendation did not contain a Notice of Right to File Objections. *See* Doc. 51.

Rule 6 of the Federal Rules of Civil Procedure applies to computing time periods specified in the Federal rules, in any local rule[3] or court order, or "in any statute that does not specify a method of computing time." Fed. R. Civ. P. 6(a). Relevant to this action, 28 U.S.C. § 636 does not specify a method for computing time. Rule 6 states that when a period of time is "stated in days", we "exclude the day of the event that triggers the period; … count every day, including intermediate Saturdays, Sundays, and legal holidays; and …include the last day" except in circumstances not relevant here. Fed. R. Civ. P. 6(a)(1)(A)-(C). Thus, day one was Saturday, January 20, 2018 and day fourteen was Friday, February 2, 2018. Therefore, Purdue's objections were timely filed.

The Court committed a procedural error by adopting the Report and Recommendation before the objection period expired. *See Owens v. Schwartz*, 519 F. Appx. 992, 994 (11th Cir. 2013) ("…we agree that the district court procedurally erred by adopting the R & R nine days after the magistrate issued the R & R, and five days before the expiration of the time period for Owens to file objections.") The Court also commits a procedural error if it does not consider timely filed objections. *Id.* ("The district court also procedurally erred by failing to consider Owens's timely filed objections, which it received within 14 days of the issuance of the R & R."). Title 28 U.S.C. § 636(b)(1) states that the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

---

[3] "In civil cases and criminal cases in which the parties have not consented to Magistrate Judge jurisdiction, objections to a determination by the Magistrate Judge are governed by Fed. R. Civ. P. 72 and Fed. R. Crim. P. 59." S.D. Ala. General Local Rule 72(c)(1).

Typically, in this procedural posture, the district court could vacate or set aside its earlier order and consider the timely-filed objections. *See Schildt v. Crawford Cty. Sheriff's Office*, 2017 WL 113066, at *1 (W.D. Ark. Jan. 11, 2017) ("The deadline for Plaintiffs' objections was January 6, 2017, and the Court's January 3 order adopting the report and recommendations was premature. . . . The Court would now correct its oversight and give de novo review to the report and recommendations in light of Plaintiffs' objections[.]"); *Sigers v. Bailey*, 2009 WL 2883579, at *1 (E.D. Mich. Sept. 3, 2009) ("Believing that Defendant Bailey had not filed objections to the R&R, this Court issued an opinion and order. . . Based on Defendant Bailey's objections, which this Court previously overlooked, this Court now must conduct a de novo review"). However, the Court is confronted with the statute prohibiting review of an order of remand for lack of subject matter jurisdiction, 28 U.S.C. § 1447(d). The statute sets forth that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]"[4] But, the Court is also confronted with the statutory requirement that "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.A. § 636 (b)(1)(C); *Furcron v. Mail Centers Plus, LLC*, 843 F.3d 1295, 1308 (11th Cir. 2016) ("A timely objection to a Magistrate Judge's Report and Recommendation requires a district court to review the objected-to findings or recommendations de novo.")

---

[4] This action does not fall within the two statutory exceptions, actions removed pursuant to 28 U.S.C. § 1442 (federal officers or agencies) and § 1443 (civil rights cases), which may be reviewed on appeal or otherwise.

Purdue's timely filed objections were received after the Court entered the order of remand; thus, the Court did not make the requisite de novo determination to the portions to which objections were made. Instead, the Court reviewed the report and recommendation for clear error, as if there were no objections filed. *Hallmark Ins. Co. v. Maxum Cas. Ins. Co.*, 2017 WL 3034077, at *1 (M.D. Fla. July 18, 2017) ("But when the litigants fail to file specific objections to the magistrate's factual findings, the district court reviews the report and recommendation for clear error—not under the stricter de novo standard of review.") (citing *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993) ("Because Johnson did not file specific objections to *factual findings* by the magistrate judge, there was no requirement that the district court *de novo* review those findings") (italics in original) and *Marcort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006) ("Most circuits agree that in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")).

The Court has not found an Eleventh Circuit opinion resolving this conflict between the apparent loss of jurisdiction to review an order of remand for lack of subject matter jurisdiction with the statutory requirement that the Court must consider timely filed objections. However, the Court has found some Eleventh Circuit opinions to the effect that failing to conduct a de novo review when objections are filed may be reversible error. *See Palacios v. United States,* 452 Fed. Appx. 875 (11th Cir. 2011) (finding reversible error for failing to properly conduct a de novo review in proceedings pursuant to a 28 U.S.C. § 2255 motion to vacate); *Willis v. United States,* 346 Fed. Appx. 404 (11th Cir. 2009) (same); *see also Ekokotu v. Fed. Exp. Corp.,* 523 Fed. Appx. 629, 631(11th Cir. 2013) (explaining that

5

under the Federal Magistrate Act, "[i]f a party to the proceeding timely objects to the magistrate's report, the district court must conduct a de novo review of the objected-to findings or recommendations" and finding that the district court had properly conducted the de novo review in an employment discrimination action).

III. Conclusion

Because the purpose of the vacatur of the remand is to correct a procedural error, the court finds that it has jurisdiction to proceed. Accordingly, Purdue's motion to reopen is granted, the order and judgment of remand are vacated, and the Court will conduct a de novo review of Purdue's objections to the report and recommendation in compliance with 28 U.S.C. § 636(b)(1)(C).

DONE and ORDERED this the 21st day of February 2018.

s/ Kristi K. DuBose  
KRISTI K. DuBOSE  
CHIEF UNITED STATES DISTRICT JUDGE